IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**CLEVA COLLINS, obo a minor, SRC,**   )
                                       )
          **Plaintiff,**   )
                                       )    CIVIL ACTION
vs.                                    )
                                       )    No. 09-4120-JAR-GBC
**MICHAEL J. ASTRUE,**                 )
**COMMISSIONER OF SOCIAL**             )
**SECURITY,**                          )
                                       )
          **Defendant.**   )
_____)

REPORT AND RECOMMENDATION

    Plaintiff filed an application for leave to file action without payment of fees, costs or security. (Doc. 4). Based upon the Tenth Circuit's decision in <u>Lister v. Department of the Treasury</u>,[1] the undersigned Magistrate Judge submits to the District Judge the following Report and Recommendation regarding Plaintiff's motion.

    28 U.S.C. § 1915(a), states:

> . . .any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding. . . without prepayment of fees or security therefor, by a person who submits an affidavit. . . that the person is unable to pay such fees or give security therefor.

---

[1] 408 F.3d 1309 (10th Cir. 2005). In <u>Lister</u>, the Tenth Circuit held that magistrate judges have no authority to enter an order denying <u>in forma pauperis</u> status because such a ruling is dispositive. <u>Id.</u> at 1311-12.

Proceeding <u>in forma pauperis</u> in a civil case is a privilege which is within the court's discretion to grant or deny. <u>White v. Colorado</u>, 157 F.3d 1226, 1233 (10th Cir. 1998)("a privilege not a right-fundamental or otherwise"); <u>Cabrera v. Horgas</u>, No. 98-4231, 1999 WL 241783, at *1 (10th Cir. Apr. 23, 1999)(within sound discretion of trial court), <u>cert. denied</u>, 531 U.S. 832 (2000). Denial, however, must not be arbitrary or based on erroneous grounds. <u>Buggs v. Riverside Hosp.</u>, No. 97-1088-WEB, 1997 WL 321289, at *8 (D. Kan. Apr. 9, 1997). The filing fee in civil cases is presently $350.00. 28 U.S.C. § 1914(a).

The court has reviewed plaintiff's affidavit and finds plaintiff has failed to demonstrate that she is unable to pay the filing fee in this case. Plaintiff's affidavit demonstrates that her monthly income exceeds her monthly obligations by $320.00. This court has held that where discretionary income is sufficient to pay the filing fee even in a case where total expenses exceed total income, denial of an <u>in forma pauperis</u> motion is appropriate. <u>Scherer v. Merck & Co.</u>, Civ. A. No. 05-2019-CM, 2006 WL 2524149 at *1 (D. Kan. Aug. 24, 2006)(total expenses exceeded income by $90.00 per month)(citing <u>Brewer v. Overland Park Police Dep't</u>, 24 Fed. Appx. 977, 979 (10th Cir. 2002)(monthly income exceeded monthly expenses by "a few hundred dollars")).

**IT IS THEREFORE RECOMMENDED** that plaintiff's motion (Doc. 4) be denied and plaintiff be ordered to pay the filing fee in this case.

Copies of this recommendation and report shall be delivered to counsel of record for the plaintiff.  Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), and D. Kan. Rule 72.1.4, plaintiff may serve and file written objections to this recommendation within ten days after being served with a copy. Failure to timely file objections with the court will be deemed a waiver of appellate review.  <u>Morales-Fernandez v. INS</u>, 418 F.3d 1116, 1119 (10th Cir. 2005).

Dated at Wichita, Kansas on August <u> 26 </u>, 2009

<u>s:\  Gerald B. Cohn  </u>
**GERALD B. COHN**
**United States Magistrate Judge**