IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **CLEVA COLLINS, Mother and Next**    ) <br>   **Friend of a minor, SRC,**        ) <br>                  **Plaintiff,**  ) <br>                                 ) <br> **vs.**                              ) <br>                                 ) <br> **MICHAEL J. ASTRUE,**                ) <br> **COMMISSIONER OF SOCIAL**            ) <br> **SECURITY,**                        ) <br>                                 ) <br>                  **Defendant.**  ) <br> _____) | **CIVIL ACTION** <br><br> **No. 09-4120-JAR-GBC** |

REPORT AND RECOMMENDATION

Plaintiff filed an application for leave to file action without payment of fees, costs or security along with an Affidavit of Financial Status regarding the financial status of plaintiff. (Doc. 4). Based upon the Tenth Circuit's decision in <u>Lister v. Department of the Treasury</u>,[1] the court submitted a Report and Recommendation regarding Plaintiff's motion, finding that plaintiff's monthly income exceeds her monthly obligations by $320, and recommending the motion be denied. (Doc. 5). Plaintiff filed an objection to the Report and Recommendation, noting that the minor child, SRC, is the real party in interest,

---

[1] 408 F.3d 1309 (10th Cir. 2005). In <u>Lister</u>, the Tenth Circuit held that magistrate judges have no authority to enter an order denying <u>in forma pauperis</u> status because such a ruling is dispositive. <u>Id.</u> at 1311-12.

1

and seeking leave for SRC to file her own affidavit of financial status.  (Doc. 6).  On September, 17, 2009, the district court filed an order granting plaintiff's objection in part and granting leave for plaintiff "to supplement her motion to provide an affidavit setting forth the financial status of the minor plaintiff."  (Doc. 7).  Plaintiff has now filed an "Affidavit of Financial Status" regarding the financial status of the minor, SRC (Doc. 8), and plaintiff's "Motion for Leave to Proceed In Forma Pauperis" (Doc. 4) is once again ripe for the court's review.

28 U.S.C. § 1915(a), states:

> . . .any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding. . . without prepayment of fees or security therefor, by a person who submits an affidavit. . . that the person is unable to pay such fees or give security therefor.

Proceeding in forma pauperis (IFP) in a civil case is a privilege which is within the court's discretion to grant or deny.  White v. Colorado, 157 F.3d 1226, 1233 (10th Cir. 1998)("a privilege not a right-fundamental or otherwise"); Cabrera v. Horgas, No. 98-4231, 1999 WL 241783, at *1 (10th Cir. Apr. 23, 1999)(within sound discretion of trial court), cert. denied, 531 U.S. 832 (2000).  Denial, however, must not be arbitrary or based on erroneous grounds.  Buggs v. Riverside Hosp., No. 97-1088-WEB, 1997 WL 321289, at *8 (D. Kan. Apr. 9, 1997).  The filing fee in civil cases is presently $350.00.  28 U.S.C. § 1915(a).

As plaintiff quoted in her objection, the court in <u>Williams v. Spencer</u>, 455 F. Supp. 205, 209 (D. Md. 1978) held "that under 28 U.S.C. § 1915 where leave to proceed In forma pauperis is sought to vindicate the alleged substantive rights of a minor, the financial resources of <u>both the minor and the volunteer parent, next friend, or guardian Ad litem</u> should be considered in determining ability to pay the costs of litigation." (Pl. Objection, 1)(quoting <u>Williams</u>, 455 F. Supp. at 209)(emphasis added).  Plaintiff's objection also quotes a case from the Northern District of California noting that "The minor plaintiffs in this action have submitted declarations of their inability to pay.  However, the <u>guardian ad litem has not submitted any evidence of an inability to pay</u>."  <u>Id.</u> at 2(quoting <u>Cottingham ex rel. Washington v. Emery Unified Sch. Dist.</u>, No. C-93-0824-DLJ, 1993 WL 79698 at *1 (N.D. Cal. March 15, 1993)(emphasis added).

The <u>Williams</u> decision is the leading case with regard to determining whether an IFP motion should be granted to a plaintiff representing a minor in litigation before the federal courts.  In <u>Williams</u>, the court noted that the minor plaintiffs had submitted financial affidavits, but that the parents who had sued on their behalf had not done so.  <u>Williams</u>, 455 F. Supp. at 209.  It noted that the minors' affidavits "neither suggest nor establish that their parents' interests are antagonistic to their interest, that their parents are indifferent to their situation,

3

that their parents are unwilling to pay or lend them the costs of this suit, or that their parents are financially unable to fund this litigation." Id.  It then looked at the minors' financial status and noted that the resources of the minors "would require at least a substantial partial payment of the costs of appeal." Id.  Relying upon the parents' apparent ability to pay the filing fees, and the minors' ability to make a substantial partial payment, the court denied the IFP motion.  Id.

The Cottingham decision is to a similar effect.  There also, the minors had submitted affidavits but the guardian ad litem had not.  Cottingham, 1993 WL 79698 at *1.  The court determined it could not decide the IFP motion and denied the motion "until the guardian ad litem has submitted the appropriate declaration." Id.

Finally, the court notes that the issue has been decided by a court in this district.  Zhu v. Countrywide Realty Co., 148 F. Supp. 2d 1154 (D. Kan. 2001).  In Zhu, the court relied upon Williams, and Bryant v. Whalen, No. 88 C 4834, 1992 WL 198946, *5 (N.D. Ill. Aug. 12, 1992), determined that the minor's parent had the ability to pay the filing fee, and denied the IFP motion. Zhu, 148 F. Supp. 2d at 1156.

Here, both the minor child and the plaintiff parent have filed financial affidavits.  (Doc. 8); (Doc. 4, Attach. 1).  The affidavits reveal that the minor child has no financial resources

4

but, as discussed above and in the court's earlier Report and Recommendation, the parent and next friend with whom the minor lives has monthly income which exceeds her monthly obligations by $320.[2]  The court finds that in accordance with <u>Williams</u>, <u>Cottingham</u>, <u>Bryant</u>, and <u>Zhu</u>, the parent's financial resources must be considered in deciding the IFP motion.

This court has held that where discretionary income is sufficient to pay the filing fee (even in a case where total expenses exceeded total income), denial of an IFP motion is appropriate.  <u>Scherer v. Merck & Co.</u>, Civ. A. No. 05-2019-CM, 2006 WL 2524149 at *1 (D. Kan. Aug. 24, 2006)(total expenses exceeded income by $90.00 per month)(citing <u>Brewer v. Overland Park Police Dep't</u>, 24 Fed. Appx. 977, 979 (10th Cir. 2002) (monthly income exceeded monthly expenses by "a few hundred dollars")).

**IT IS THEREFORE RECOMMENDED** that plaintiff's motion (Doc. 4) be denied and plaintiff be ordered to pay the filing fee in this case.

Copies of this recommendation and report shall be delivered to counsel of record for the plaintiff.  Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), and D. Kan. Rule 72.1.4,

---

[2]The court notes that this figure is based upon a month of four weeks.  When one considers that there are 4.3 weeks in a month on average, plaintiff's monthly income exceeds her monthly obligations by $438 per month.

plaintiff may serve and file written objections to this recommendation within ten days after being served with a copy. Failure to timely file objections with the court will be deemed a waiver of appellate review. <u>Morales-Fernandez v. INS</u>, 418 F.3d 1116, 1119 (10th Cir. 2005).

   Dated at Wichita, Kansas on September 28, 2009


               **s:/  Gerald B Cohn**
               **GERALD B. COHN**
               **United States Magistrate Judge**