IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **CLEVA COLLINS, Mother and Next Friend of a minor, SRC,** ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION** |
| **vs.** ) | |
| ) | **No. 09-4120-JAR-GBC** |
| **MICHAEL J. ASTRUE,** ) | |
| **COMMISSIONER OF SOCIAL SECURITY,** ) | |
| ) | |
| **Defendant.** ) | |

ORDER

Plaintiff filed an application for leave to file action without payment of fees, costs or security along with an Affidavit of Financial Status regarding the financial status of plaintiff. (Doc. 4). The court submitted a Report and Recommendation regarding Plaintiff's motion, finding that plaintiff's monthly income exceeds her monthly obligations by $320, and recommending the motion be denied. (Doc. 5). Plaintiff filed an objection to the Report and Recommendation, noting that the minor child, SRC, is the real party in interest, and seeking leave for SRC to file her own affidavit of financial status. (Doc. 6). On September, 17, 2009, the district court judge filed an order granting plaintiff's objection in part and granting leave for plaintiff "to supplement her motion to provide

1

an affidavit setting forth the financial status of the minor plaintiff." (Doc. 7). Plaintiff filed an "Affidavit of Financial Status" regarding the financial status of the minor, SRC (Doc. 8), and the court again recommended denial, finding the financial status of plaintiff and the minor child are both relevant to a determination of in forma pauperis. (Doc. 9). Plaintiff filed an Objection to the courts Report and Recommendation arguing for the first time that the court erroneously calculated plaintiff's income and obligations, and that plaintiff's monthly income exceeds her monthly obligations by only $60 a month, leaving little money remaining for unexpected living expenses. (Doc. 10).

The court construes plaintiff's Objection as a Motion for Reconsideration to correct clear error in accordance with Local Rule 7.3(b). D.Kan.R. 7.3(b). Finding clear error in the it's calculations, the court grants plaintiff's Motion for Reconsideration, withdraws both Reports and Recommendations previously filed, and grants plaintiff's In Forma Pauperis Motion.

As plaintiff argues, her monthly net income is $1,765 and her monthly obligations are approximately $1,700. (Doc. 10). Therefore, although monthly income exceeds obligations, the court was in error when it previously stated the plaintiff's income exceeds monthly obligations by $320. As the Supreme Court long

ago held, one need not be completely destitute to qualify to proceed in forma pauperis.  Adkins v. E. I. Du Pont De Nemours & Co., 335 U.S. 331, 339-40 (1948).

    28 U.S.C. § 1915(a), states:

> . . .any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding. . . without prepayment of fees or security therefor, by a person who submits an affidavit. . . that the person is unable to pay such fees or give security therefor.

    Proceeding in forma pauperis (IFP) in a civil case is a privilege which is within the court's discretion to grant or deny.  White v. Colorado, 157 F.3d 1226, 1233 (10th Cir. 1998)("a privilege not a right-fundamental or otherwise"); Cabrera v. Horgas, No. 98-4231, 1999 WL 241783, at *1 (10th Cir. Apr. 23, 1999)(within sound discretion of trial court), cert. denied, 531 U.S. 832 (2000).  Denial, however, must not be arbitrary or based on erroneous grounds.  Buggs v. Riverside Hosp., No. 97-1088-WEB, 1997 WL 321289, at *8 (D. Kan. Apr. 9, 1997).  The filing fee in civil cases is presently $350.00.  28 U.S.C. § 1915(a).  The court finds that plaintiff has shown she cannot afford to pay the filing fee in this case.

    **IT IS THEREFORE ORDERED** that plaintiff's Motion for Reconsideration (Doc. 10) is GRANTED and this court's Reports and Recommendations dated August 26, 2009, and September 29, 2009 are WITHDRAWN.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Leave to Proceed In Forma Pauperis (Doc. 4) is GRANTED.

**IT IS FURTHER ORDERED** that the Clerk shall issue summons for the defendant.  Service of the summons and complaint shall be effected by the United States Marshal or a deputy United States Marshal, all of whom are hereby appointed for such purpose pursuant to Fed.R.Civ.P. 4(c)(3).

Dated at Wichita, Kansas on September 30, 2009

s:/  Gerald B. Cohn
**GERALD B. COHN**
**United States Magistrate Judge**